(C. D. 403)

JAMES E. FOX & CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided November 26, 1940)

*Daniel P. McDonald* for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise covered by protest 970740–G is invoiced as bleached cotton hemmed pillowcases. It was returned by the appraiser as partly made up pillowcases, and was assessed for duty at 40 per centum ad valorem under paragraph 923 of the Tariff Act of 1930, as manufactures of cotton not specially provided for. The merchandise is claimed dutiable under the *eo nomine* provision of paragraph 911 (b) for pillowcases of cotton, at 25 per centum ad

valorem. Protest 971523–G covers certain merchandise invoiced as "1 bale Grey cotton dish towel," which was assessed for duty at 40 per centum ad valorem under paragraph 923 of the act of 1930, as manufactures of cotton not specially provided for, and is claimed dutiable under the *eo nomine* provision of paragraph 911 (a) of said act of 1930, as cotton towels, other than pile fabrics, whether in the piece or otherwise, at 25 per centum ad valorem.

The importer in the two cases is the same, and on motion of counsel for the plaintiff the two cases were consolidated for the purpose of trial and decision, without objection.

Only one witness has testified herein, and that was the importer himself. At the hearing plaintiff introduce in evidence a sample of the merchandise covered by protest 970740–G, which was marked exhibit 1. This appears to be a flat piece of fabric measuring about 42 inches in length and 32½ inches wide. Along the entire length on one side there is a hemstitched hem 3 inches wide, with a selvage or fast edge running lengthwise along the other edge. The other two ends of the article have cut edges, indicating that it was originally cut from cotton cloth in the piece.

According to the testimony of the importer, who states that he is an importer of textiles, including sheetings, and has bought and sold pillowcases and towels in this country at wholesale for 35 years, exhibit 1 is intended to be made up into a finished pillowcase by folding or doubling up the fabric lengthwise (when it assumes the form of a pillowcase), and then sewing or stitching together the two selvage edges at the bottom and the two cut edges on the side, leaving the hemstitched ends open for the insertion of a pillow; that with the exception of the sewing together of two sides of the pillowcase the article is complete as imported; that the cutting of the cloth to standard size for pillowcases and the hemstitching on the one side definitely identifies it as a pillowcase and dedicates it to that use only; and that there is no other use for the article than as a pillowcase, by sewing together in the manner indicated. The witness stated further that the imported merchandise is sold as pillowcases.

A sample of the merchandise covered by protest 971523–G was also introduced in evidence, which was marked exhibit 2. This is seen to be a piece of unbleached fabric 36 by 36 inches in dimensions, with selvages along the two warp edges, and with narrow turned-in hems along each of the two other sides. The importer has testified that the towels are complete as imported, and that they are used for drying dishes or for drying purposes generally.

The testimony of the importer herein stands uncontradicted, and, taken in conjunction with the official exhibits, we think it is sufficient to establish a *prima facie* case for the plaintiff in each instance.

We therefore hold the merchandise covered by 970740–G to be dutiable under the *eo nomine* provision for cotton pillowcases in paragraph 911 (b) of the Tariff Act of 1930, and not as manufactures of cotton not specially provided for under paragraph 923, as assessed. Note *Freund & Co.* v. *United States*, T. D. 49264 (72 Treas. Dec. 648), in which the merchandise consisted of rectangular pieces of fabric with a repeat of design thereon, cut to size so that when doubled over there was a complete design on each side, which then remained to be stuffed with feathers, down, or similar material, and sewed along the three open sides to make a pillow. The claim of the plaintiff for dutiable classification of the merchandise as pillowcases under said paragraph 911 (b) of said act of 1930 was denied by this court, but apparently only for the reason that the term "pillowcases," according to the common meaning thereof, did not include pillows or pillow sacks. Otherwise the case is very analogous to the present one. Note also *American Shipping Co.* v. *United States*, 22 C. C. P. A. 72, T. D. 47064; *United States* v. *Rogers*, 18 id. 271, T. D. 44448; and *Middleton* v. *United States*, 25 id. 155, T. D. 49265.

Further, we hold the merchandise covered by protest 971523–G to be dutiable at 25 per centum ad valorem under the *eo nomine* provision in paragraph 911 (a) as cotton towels, rather than as manufactures of cotton not specially provided for, as assessed. Note *National Rag & Waste Co.* v. *United States*, T. D. 49564 (73 Treas. Dec. 814).

Judgment will be rendered accordingly.